UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY GILLARD,

                                         Plaintiff,

      vs.                                                                          9:09-CV-945
                                                                                                (GLS/ATB)

NANCY SMITH, *et al.*,

                                         Defendants.
_____

GARY GILLARD
Plaintiff *pro se*
MICHAEL McCARTIN, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     In this civil rights complaint (Dkt. No. 1), plaintiff alleges that, while he was incarcerated at Upstate Correctional Facility ("Upstate"), defendants violated a variety of plaintiff's constitutional rights, including the right to be free from cruel and unusual punishment; the right to constitutionally adequate medical care; the right to send and receive mail; and the right to be free from retaliation for the exercise of a constitutional right. *Id.*  Plaintiff claims that the law library at Upstate is inadequate, he was denied legal copies, and he was denied access to the law library.  Finally, plaintiff claims that Upstate's grievance program is inadequate, and he was subjected to various forms of retaliation relating to the grievance program. Finally, plaintiff alleges that he has been subject to discrimination because he is a sex offender.

Plaintiff seeks injunctive and substantial monetary relief.

Presently before the court is defendants' motion to dismiss this action as a sanction for plaintiff's failure to attend his deposition pursuant to Fed. R. Civ. P. 37. (Dkt. No. 65). Plaintiff has responded in opposition to the motion. (Dkt. No. 67). Plaintiff has also filed a motion for "Assignment of Case for Trial." (Dkt. No. 70). For the following reasons, this court recommends granting defendants' motion. The court will also order denial of the Motion for Assignment of Case for Trial.

## DISCUSSION

### I.     Facts

Plaintiff filed this action on August 19, 2009. (Dkt. No. 1). On October 21, 2009, the Honorable Gary L. Sharpe granted plaintiff's motion to proceed *in forma pauperis*, denied plaintiff's September 17, 2009 motion for a preliminary injunction, and ordered service of the complaint on defendants. (Dkt. No. 8). On March 31, 2010, I issued a Mandatory Pretrial Discovery and Scheduling Order ("the Scheduling Order"). (Dkt. No. 56). In the Scheduling Order, the deadline for discovery was July 30, 2010. *Id.* The Scheduling Order also granted defendants leave to take plaintiff's deposition and explained the proper procedure for doing so. (Dkt. No. 56 at 3-5).

The Scheduling Order provides for fifteen days notice of the deposition and provides that the deposition may not take place until at least fifteen days after defense counsel provides plaintiff with the discovery mandated in another part of the Scheduling Order. *Id.* at 4. The Scheduling Order further states that plaintiff's disagreement with any security staff directive regarding the deposition is not a ground upon which to refuse to answer appropriate questions, and the Scheduling Order

specifically states that "[t]he failure of plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." *Id.*  Objections that are made in good faith and in accordance with governing rules, however, are not prohibited. *Id.*

In his Declaration, defense counsel states that on July 19, 2010, plaintiff was mailed a "Notice of Deposition," informing him that he would be deposed at a correctional facility on August 31, 2010. McCartin Decl. ¶ 4.  Exhibit A to the Declaration is a copy of the Notice of Deposition. Defs.' Ex. A.  Defense counsel further states that because plaintiff was incarcerated in the Western District of New York at that time, he was going to be moved to Downstate Correctional Facility for the deposition. *Id.*  Defense counsel states that on August 26, 2010, officials attempted to begin plaintiff's transportation to Downstate, but plaintiff refused to be transported. McCartin Decl. ¶ 5.  Defendants' Exhibit B is a document entitled "Court Refusal Notice," dated August 26, 2010 and signed by plaintiff and an unidentified Corrections Officer. McCartin Decl. Ex. B.

Defense counsel also states that on August 30, 2010, corrections personnel again tried to transport plaintiff to Downstate, but he refused to go. McCartin Decl. ¶ 5.  Defense counsel has included as Exhibit C to his Declaration a document entitled "REFUSAL NOTICE."  The notice states that "On August 26, 2010, inmate Gillard, 01A1613, refused to attend his deposition in Gillard v. Smith 9:09-CV-945." McCartin Decl. Ex. C.  The inmate refused to sign the document, and the corrections officer "Witness," C.O. B. Jaworski, signed the document on August 30, 2010 at 3:10 p.m. *Id.*

In his response to this motion for sanctions, plaintiff concedes that he refused to attend the "Court Order [sic] Deposition for good and just causes." (Dkt. No. 67 ¶ 1). Although plaintiff does not indicate to which date or dates he is referring, he states that he was on a visit with his family when he was called to pack his cell in order to be transported to Downstate. *Id*. Plaintiff claims that one of these family members was his mother, that he had not seen one of these individuals in over 20 years, and that they drove six hours to see the plaintiff. *Id.* ¶ 2. Plaintiff also states that he had an appointment for a medical procedure, scheduled for September 1, 2010, and was concerned that if he left the facility, and he was not returned in time, the procedure would have to be canceled. *Id.* ¶ 3. Finally, plaintiff claims that he was preparing for a *pro se* criminal trial and was concerned that if he were removed from the facility, he would be without his property and be unable to properly prepare for the trial. *Id.* ¶ 4.

## II.   Discovery Sanctions

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. FED. R. CIV. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.*

The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

    A.    **Application**

Plaintiff concedes that he refused to be transported to the facility where the deposition would have taken place. Although the court sympathizes with plaintiff's situation, he cannot dictate when and where his deposition takes place. The Scheduling Order warns plaintiff that he cannot disagree with the procedures employed by security staff, nor may he refuse to attend, be sworn, or refuse to answer appropriate questions. (Dkt. No. 56 at 4). The Scheduling Order also states that sanctions could be imposed for violation of the order, but that objections made in good faith and in accordance with the rules are not prohibited. *Id.* The Scheduling Order was issued on March 31, 2010, but the deposition was not noticed until July 19, 2011.

As stated above, one of the factors that the court must consider is whether plaintiff had notice of the possibility of dismissal for a violation of the Scheduling Order. The Scheduling Order itself clearly gives plaintiff this notice. The notice of deposition, which defense counsel has included as an exhibit, has no warnings on it regarding the failure to appear. However, plaintiff is no stranger to the court. He has filed **nine** actions in the Northern District of New York, four of which are still pending.[1] While the court does not fault plaintiff for filing prior actions if they are

---

[1] *Gillard v. Rosati*, 9:08-CV-1104 (LEK/DEP); *Gillard v. Rovelli*, 9:09-CV-431 (TJM/DEP); *Gillard v. Rovelli*, 9:09-CV-860 (NAM/GHL); *Gillard v. Smith*, 9:09-CV-945 (GLS/ATB) (this action).

meritorious, the fact that plaintiff has filed many actions shows that he is familiar with the court's Mandatory Discovery Orders and is well-aware of the sanctions for disobeying those orders.

In fact, in *Gillard v. Kahn*, 9:09-CV-288, a case that was later withdrawn by plaintiff, the defendants also made a motion to dismiss pursuant to Rule 37 because plaintiff refused to attend his deposition, after defense counsel had traveled all the way to the correctional facility. *See* Dkt. No. 91 in 9:09-CV-288.  The motion for sanctions was made in February of 2010, well before the motion in this case.  Plaintiff refused to attend the January 29, 2010 deposition, notwithstanding a telephone conference held on January 26, 2010, wherein Magistrate Judge George Lowe advised plaintiff that should he refuse to be deposed, the court would entertain a motion for imposition of significant sanctions, including dismissal. (Text Order dtd. Jan. 26, 2010 in 9:09-CV-288).  In his subsequent "Voluntary Dismissal" of 09-CV-288, on January 29, 2010, plaintiff requested dismissal of the action, but "[if] denied grant an extension to respond to defendants [sic] motions forthcoming for failure to attend hearing interview this day . . . ." (Dkt. No. 99 in 9:09-CV-288).  Thus, plaintiff is **well-aware** of the rules of this court and the possible consequences for failing to attend a deposition.

The court also notes that plaintiff's latest submission in this case, dated June 8, 2010, cites **and relies upon**, the Scheduling Order in moving for the "Assignment of Case for Trial." (Dkt. No. 70).  In this new motion, plaintiff argues that the deadline for discovery has passed; but in his opposition to the motion for sanctions, he states that defendants will not be prejudiced by his failure to be transported to his deposition

6

because they can simply re-schedule the deposition. *Compare* Dkt. No. 67 at 2 *with* Dkt. No. 70. Plaintiff's request that the case be set for trial, when he is well-aware that he prevented defendants from obtaining relevant discovery demonstrates an effort to obtain a tactical advantage by willful disobedience of a court order. Plaintiff seems willing to utilize the Scheduling Order when it suits him, but at other times, conveniently ignores the provisions of this order. Plaintiff's arguments for denial of the motion for sanctions appear disingenuous when viewed in conjunction with his prior behavior.

The court has considered other sanctions prior to recommending dismissal. Because plaintiff refused to be transported to his deposition, defense counsel never traveled to Upstate Correctional Facility. Apparently, there are no monetary damages that this court could impose that would deter plaintiff's bad behavior. In 9:09-CV-288, the court ultimately gave plaintiff the benefit of the doubt and allowed him to withdraw his case without prejudice.[2] This case would be the second time that plaintiff chose to ignore the court's rules and orders regarding discovery. Thus, this court finds that notwithstanding plaintiff's *pro se* status, this case may be dismissed as a sanction for failure to attend his scheduled deposition.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for dismissal based on Fed. R. Civ. P. 37(d) (Dkt. No. 65) be **GRANTED**, and the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**, and it is further

---

[2] The court did not allow defendants to pursue the damages requested under Rule 37 because Chief Judge Mordue found that the notice of deposition was not proper because it did not specify the method of recording. (Dkt. No. 101 at 6 & n.8).

**ORDERED**, that plaintiff's motion for assignment of case for trial (Dkt. No. 70) is **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 13, 2011

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge