UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY GILLARD,

                Plaintiff,                9:09-cv-945
                                                                 (GLS/ATB)

      v.

NANCY SMITH et al.,

                Defendants
_____

APPEARANCES:                          OF COUNSEL:

**FOR THE PLAINTIFF:**
Gary Gillard
Pro Se
01-A-1613
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    MICHAEL G. McCARTIN
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Gary Gillard brings this action under 42 U.S.C. § 1983

alleging multiple violations of his constitutional rights. (*See* Compl., Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed June 13, 2011, Magistrate Judge Andrew T. Baxter recommended that defendants' motion to dismiss this action as a sanction for Gillard's failure to attend his deposition pursuant to Fed. R. Civ. P. 37 be granted and Gillard's Complaint be dismissed.[1] (*See generally* R&R, Dkt. No. 71.) Pending are Gillard's objections to the R&R. (Dkt. No. 73.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. See *Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

recommendations of the magistrate judge for clear error. See id.

### III. Discussion

To the extent a specific objection to the R&R can be gleaned from Gillard's objections, it is that Judge Baxter's recommendation of dismissal is too harsh of a sanction for refusing to attend the depositions. (See Dkt. No. 73 at 3-4.) The court disagrees.

Rule 37 of the Federal Rules of Civil Procedure provides that an individual, who fails to appear at his own deposition after receiving proper notice, may be sanctioned by the court. See Fed. R. Civ. P. 37; see also N.D.N.Y. L.R. 1.1(d), 7.1(d). Dismissal with prejudice, albeit a "harsh remedy," is an appropriate sanction where, as here, the prospective deponent was at fault for the failure to comply with the discovery order. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (internal citations omitted). However, where the non-complying party is a *pro se* litigant, prior notice of the consequences of violating the court's order is a prerequisite to dismissal with prejudice. See *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

Here, Gillard concedes that he refused—despite being warned of the consequences of doing so in Judge Baxter's Scheduling Order—to be

transported to the facility where the deposition was scheduled to take place.  (*See* R&R at 71, Dkt. No. 71; Dkt. No. 56 at 4.)  Standing alone, this recognition of, and blatant refusal to abide by, Judge Baxter's Order would be sufficient to warrant dismissal with prejudice.  However, Gillard "is no stranger to the court," and has filed nine actions in the Northern District of New York.  (*See* R&R at 5, Dkt. No. 71.)  While his previous filings are not dispositive, they are, as Judge Baxter noted, relevant in assessing Gillard's familiarity with the consequences of violating the court's Mandatory Discovery Order.  (*See id.* at 6.)  Indeed, in one of his previous cases, *Gillard v. Kahn*, 9:09-cv-288, Gillard voluntarily withdrew the case after the defendants made a motion to dismiss pursuant to Rule 37 for failure to attend a deposition.  (*See id.*)

Considering all of these factors, the court concludes that dismissal with prejudice is the appropriate sanction for Gillard's conduct.  As such, the court adopts Judge Baxter's R&R in its entirety.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's June 13, 2011 Report-Recommendation and Order (Dkt. No. 71) is **ADOPTED** in its

4

entirety; and it is further

**ORDERED** that defendants' motion for dismissal based on Fed. R. Civ. P. 37(d) (Dkt. No. 65) is **GRANTED** and Gillard's Complaint (Dkt. No. 1) is **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

October 26, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge